**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE
COMPANY,

                              Plaintiff,

      -against-

JONEY CONSTRUCTION CORPORATION,
BLANCA P. MINAS and LUIS MINAS a/k/a LUIS   **MEMORANDUM OF**
FERNANDO,   **DECISION AND ORDER**
                                                                06 CV 4031 (ADS) (ARL)

                             Defendants.
-----------------------------------------------------------X

**APPEARANCES:**

**NIXON PEABODY, LLP**
Attorneys for the Plaintiff
437 Madison Avenue
New York, NY 10022
      By:    Mark L. Deckman, Esq.,
               Aidan M. McCormack, Esq., Of Counsel

**MARK E. WEINBERGER, ESQ.**
Attorney for the Defendants Blanca P. Minas and Luis Minas
185 Great Neck Road, Suite 240
Great Neck, NY 11021

**NO APPEARANCE**
Joney Construction Corporation

**SPATT, District Judge.**

       Presently before the Court is a motion by Atlantic Casualty Insurance

Company (the "Plaintiff" or "Atlantic") for an order, pursuant to Federal Rule of

Civil Procedure ("Fed. R. Civ. P") 59(e) and Local Rule 6.3 for reconsideration of this Court's December 4, 2007 Memorandum of Decision and Order, <u>Atlantic Casualty v. Joney</u>, No. 06-cv-4031, (E.D.N.Y. Dec. 4, 2007) (the "Order"). In that Order, the Court: (1) denied the Plaintiff's motion for summary judgment; (2) partially granted the Defendant Blanca P. Minas' ("Minas") motion for summary judgment to the extent that the Plaintiff waived its affirmative defense of late notice; and (3) denied

the Defendant Minas' motion for summary judgment to the extent it requested additional relief.

## I. BACKGROUND

**A.     Factual Background**

The background of this case is set forth in the Court's Memorandum of Decision and Order of December 4, 2007. Familiarity with that decision is assumed.

**B.     The Present Motion**

On December 19, 2007, the Plaintiff moved for reconsideration of this Court's December 4, 2007 decision. The Plaintiff contends that this Court erroneously relied upon <u>First Financial Ins. Co. v. Jetco Contr. Corp.</u>, 1 N.Y.3d 64, 68, 801 N.E.2d 835, 769 N.Y.S.2d 459 (2003), in reaching its decision. The Plaintiff claims that "the facts in First Financial are entirely different than those before the Court here," and that this Court overlooked factual matters. Specifically, the Plaintiff contends that in <u>First

Financial, the plaintiff wrote directly to the named insured, Jetco, acknowledging a tender by Jetco and the possibility of a late notice defense as to Jetco. The Plaintiff contends that in the present case, it did not recognize a tender by the insured, Joney, and only responded to a tender by a third party, Tomer. The Plaintiff, for the first time, attaches a copy of the letter at issue in the First Financial case.

Further, the Plaintiff, for the first time, contends that if its June 27, 2006 letter to Tomer did in fact acknowledge a claim by Joney, then it must also be considered to have timely denied any claim.

## II. DISCUSSION

In its motion papers, the Plaintiff moves for "reconsideration/reargument," citing to Fed. R. Civ. P. 60(b) and Local Rule 6.3. However, the Plaintiff fails to specify the sub-section of Rule 60(b) upon which it relies. Moreover, in its motion, the Plaintiff fails to cite any case law relevant to Rule 60(b) or Local Rule 6.3. However, in its reply brief, the Plaintiff cites, at length, to Rule 59(e) and Local Rule 6.3, apparently abandoning any Rule 60(b) claim. As a result, the Court will review the Plaintiff's motion pursuant to Rule 59(e) and Local Rule 6.3.

### A. As To The Motion For Reconsideration

The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. See Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 132 (2d Cir.1999) (citing McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir.

3

1983)).  A motion for reconsideration, also known as reargument, is governed by Fed. R. Civ. P. 59(e) and Local Rule 6.3.  See Hertzner v. Henderson, 292 F.3d 302, 303 (2d Cir. 2002); Yurman Design Inc. v. Shieler Trading Corp., No. 99 Civ. 9307, 2003 U.S. Dist. LEXIS 15070, at *2 (S.D.N.Y. Aug. 28, 2003).

The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical.  See Alexander v. The Turner Corp., No. 00 Civ. 4677, 2001 U.S. Dist. LEXIS 14559, at *1 (S.D.N.Y. Sept. 10, 2001).  "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision."  In re Worldcom, Inc. Sec. Litig., 308 F. Supp.2d 214, 224 (S.D.N.Y.2004); Colodney v. Continuum Health Partners, Inc., No. 03-7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug 18, 2004); see also In Re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003); E.D.N.Y. Local Civil Rule 6.3.  Reconsideration may also be granted to "correct a clear error or prevent manifest injustice."  Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994); Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

To preserve scarce judicial resources and to avoid piecemeal litigation, a motion for reconsideration is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."

Dellefave v. Access Temps., Inc., No. 99 Civ. 6098, 2001 U.S. Dist. LEXIS 3165, at *1 (S.D.N.Y. Mar. 22, 2001). See also Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (stating that reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"); In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (stating that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). In addition, "a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist., 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

The Plaintiff contends that the Court erred in relying upon First Financial Ins. Co. v. Jetco Contr. Corp., 1 N.Y.3d 64, 68, 801 N.E.2d 835, 769 N.Y.S.2d 459 (2003). Although the Plaintiff contends that the Court overlooked factual matters, and specifically, overlooked the factual differences between the present case and First Financial, that claim is without merit. In its December 4, 2007 decision, the Court discussed, considered and analyzed the First Financial case at length. Despite the Plaintiff's present claims, it is evident from a review of this Court's previous decision that this Court was aware of the factual differences between the cases, and was aware that in First Financial, the insurer wrote a letter directly to the insured, acknowledging the claim. Similarly, it is also apparent from this Court's decision

that Atlantic did not write directly to Joney. The Court specifically noted that a copy of the letter to Tomer was also sent to Joney.

In fact, it is apparent from the following excerpt of this Court's decision that the Court analyzed the case law at length and did not overlook factual matters. Moreover, a review of the following portion of this Court's decision notably reveals that, in its present motion, the Plaintiff actually repeats the claims that it made in its original summary judgment motion. In fact, the Plaintiff previously argued that the facts in First Financial were not applicable to the present case for the same reasons set forth in the present motion for reconsideration.

> In the present case, as in the Hernandez case, neither the insured nor the claimant "ever notified the insurer of the accident," although the insurer was made aware of the accident by "one of the insured's co-defendants in the personal injury action." Id. This is not a case in which the insured provided the insurer with untimely notice of an accident; rather, in this case the insured never provided notice to the insurer. Although the insurer was notified of the accident by one of Joney's co-defendants in the Minas action, it would appear that "since neither [the claimant] nor the insured ever notified the insurer of the accident, the insurer had no duty to disclaim liability." Id.
>
> However, the facts of this case are actually most similar to the facts in First Financial. In the present case, Atlantic was notified of the accident by Joney's co-defendants and disclaimed liability in a notice to those co-defendants. Although Atlantic was never informed of the existence of a claim by Joney, its own insured, the Court finds that Atlantic actually acknowledged the claim against Joney in its June 27, 2006 letter to Joney's co-defendants. In its June 27, 2006

6

letter disclaiming liability as to Tomer and Tomer Development, Atlantic specifically acknowledged that Minas had filed a lawsuit against its insured, Joney. Atlantic further specified that one of its grounds for denying liability was Tomer's late notice. Notably, it is apparent from a review of the letter, that it was forwarded to Joney at the time of its drafting, on June 27, 2006. Similarly, in <u>First Financial</u>, the insurer also sent a letter to the insured acknowledging that it had received late notice of the claim from a third party and reserving the right to deny coverage on the basis of untimely notice. As a result of that communication, the insurer expressly acknowledged the insured's claim. Because the insurer acknowledged the claim against the insured, the insurer then had a duty to disclaim liability. In the present case, the duty to disclaim arose because there is evidence that Atlantic was aware of a claim against Joney when it disclaimed liability as to Joney's co-defendants and forwarded that letter to Joney on June 27, 2006.

In fact, in its June 27, 2006 disclaimer letter to Tomer, Atlantic acknowledged that Minas had filed a suit against its own insured, Joney; that it had been provided with late notice of the suit; and then specifically forwarded that letter to Joney. Clearly, on June 27, 2006, Atlantic acknowledged: notice of the underlying accident; the existence of the pending state court lawsuit; and a likely imminent claim by its own insured, Joney, for coverage. Despite Joney's failure to provide notice to Atlantic, it clearly had notice of Joney's claim, and as a result, Atlantic had a duty to disclaim liability in a timely manner.

The Plaintiff contends that the facts in <u>First Financial</u> are not applicable to the present case. Although the Plaintiff claims that, in the present case, Atlantic never expressly acknowledged a claim by Joney or a defense as to Joney in its June 27, 2006 denial letter to Tomer, this claim is without merit. Atlantic specifically made sure that Joney received a copy of the June 27, 2006 letter which included a denial based upon late notice, as well as a statement acknowledging Minas'

7

> state action against Joney. Although the June 27, 2006 letter
> was not directly addressed to Joney, it constituted knowledge
> of the accident and the lawsuit by Atlantic, as well as, an
> acknowledgment by Atlantic of the existence of a claim
> involving Joney, its insured.
>
> As such, despite Joney's failure to comply with the notice
> requirements of its Contract, Atlantic had a duty to timely
> disclaim coverage as to Joney.

The Plaintiff has not demonstrated that there are any factual matters that this Court overlooked. Further, in its motion papers, the Plaintiff cites to Hernandez v. Am. Tr. Ins. Co., noting that it "in a recent case First Department decision the Court distinguished First Financial." However, the Plaintiff fails to demonstrate that this Court overlooked the Hernandez case; rather, in its December 4, 2007 decision this Court discussed the Hernandez case at length.

> In the present case, the Plaintiff
>
> seek[s] to reargue the merits of this Court's previous decision in the guise
> of arguing that the Court overlooked certain evidence and made mistakes
> in applying the law to plaintiff['s] claims. However, as set forth below,
> plaintiff[] ha[s] failed to demonstrate that the Court overlooked evidence
> or misapplied any controlling rule of law. Accordingly, the Court finds,
> pursuant to the strict standards governing motions for reconsideration . . .
> that plaintiff['s] motion must fail.

Kelsey v. City of New York, No. 03-cv-5978, 2007 U.S. Dist. LEXIS 33465, at *13 (E.D.N.Y. May 7, 2007). In addition, the Plaintiff sets forth new arguments and attaches a document to its papers that was not previously presented to the Court.

Although the document does not alter the Court's analysis, "a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." O'Brien, 127 F. Supp. 2d at 345.

Accordingly, the Plaintiff's motion for reconsideration is denied.

### III. CONCLUSION

Based on the foregoing reasons, it is hereby

**ORDERED**, that the Plaintiff's motion for reconsideration of the Memorandum of Decision and Order of this Court dated December 4, 2007, is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
July 12, 2008

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge